**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07631
(201) 871-1333
Attorneys for Chapter 7 Trustee
By: Brian G. Hannon, Esq.
   *bhannon@norgaardfirm.com*

|  |  |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE |
| BLUE PIG MEDIA, LLC, | Chapter 7 |
| Debtor. | Case No. 23-13648-CMG |
| - - - - - - - - - - - - - - - - - - - - - - - - - | Adversary No. 24-_____-CMG |
| JOHN M. MCDONNELL, Chapter 7 Trustee, |  |
| Plaintiff; v. |  |
| Fora Financial, |  |
| Defendant. |  |

## ADVERSARY COMPLAINT FOR RECOVERY OF PROPERTY OF THE ESTATE

John M. McDonnell, the chapter 7 trustee (the "Trustee" or the "Plaintiff") of the estate of Blue Pig Media, LLC, the chapter 7 debtor (the "Debtor"), by and through his undersigned counsel, Norgaard, O'Boyle & Hannon against Fora Financial (the "Defendant"), hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 (b) and 28 U.S.C. § 157.

2. Venue is properly fixed in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding that may be heard and determined by a bankruptcy judge pursuant to 28 U.S.C. § 157(b).

4. The applicable statutory basis for the claims asserted herein includes, but is not limited to, 11 U.S.C. §§ 502, 541, 542, 547, and 550.

## PARTIES

5. The Plaintiff is the appointed chapter 7 trustee of the Debtor's bankruptcy estate.

6. Based upon information and belief, when the Defendant received certain transfers from the Debtor, the Defendant was a corporation, partnership, governmental unit, individual, and/or entity who engaged in transactions in the United States and New Jersey in connection with the claims alleged herein.

## BACKGROUND

7. *The Trustee relies on the factual representations filed by the Trustee in his certification, which is expressly incorporated herein and filed with and in support of the within Complaint.*

8. On April 28, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 7 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey. See Court Docket in *In re Blue Pig Media, LLC*, Case No. 23-13648-CMG (the "Main Case Docket"), No. 1.

9. On April 29, 2023, John M. McDonnell, Esq. was appointed the Trustee for the Debtor, has duly qualified and is acting in that capacity. *See* Main Case Docket No. 3.

10. During the ninety (90) day period prior to the Petition Date, the Debtor made certain avoidable transfers (collectively the "Transfers") to the Defendant in the aggregate amount of $41,096.00 on the dates, and in the amounts, listed on **Exhibit "A"**, which is expressly incorporated by reference into this Complaint.

## COUNT ONE
## (11 U.S.C. § 502)

11. The Trustee repeats and realleges each and every allegation contained above as if fully set forth herein.

12. The Defendant has failed and refused to turnover to the Trustee the Transfers or to otherwise pay the Transfers.

13. Pursuant to section 502(d) of the Bankruptcy Code, the Trustee is entitled to an order waiving, discharging, and barring any claims that the Defendant may hold against the within estate.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

(a) for an order waiving, discharging and barring any claims which the Defendant may hold against the Debtor's estate; and

(b) granting such other relief that this Court deems just, proper, and equitable.

## COUNT TWO
## (11 U.S.C. § 541)

14. The Trustee repeats and realleges each and every preceding allegation as if fully set forth at length herein.

15. The Transfers to the Defendant constitute property of the estate pursuant to section 541 of the Bankruptcy Code.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

(a) for an order declaring the Transfers are property of the Debtor's estate pursuant to section 541 of the Bankruptcy Code;

(b) for damages, together with interest, costs of suit and reasonable attorneys' fees;

(c) for an accounting; and

(d) for such other and further relief as this Court deems just, proper, and equitable.

## COUNT THREE
## (11 U.S.C. § 542)

16. The Trustee repeats and realleges each and every allegation contained above as if fully set forth at length herein.

17. The Defendant is in possession, custody or control of property that belongs to the Debtor's estate.

18. All of the assets should be turned over to and accounted for the Trustee.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

(a) for an order compelling Defendant to turnover all of the Debtor's property pursuant to section 542 of the Bankruptcy Code;

(b) for damages, together with interest, costs of suit, and reasonable attorneys' fees;

(c) for an accounting of all the Debtor's property; and

(d) for such other and further relief as this Court deems just, proper, and equitable.

## COUNT FOUR
## (11 U.S.C. § 547)

19. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

20. The Transfers were to or for the benefit of the Defendant.

21. The Transfers were for or on account of an antecedent debt owed by the Debtor to the Defendant before such transfers was made.

22. The Debtor was insolvent at the time the Transfers were made to the Defendant.

23. The Transfers were made within ninety (90) days of the Petition Date.

24. The Transfers enabled Defendant to obtain more than it would receive from the Debtor's estate if the case were a case under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Defendant received payment of its debt in accordance with the Bankruptcy Code.

25. Pursuant to sections 547 and 550 of Bankruptcy Code, the Trustee may avoid and recover the Transfers.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant, as follows

(a) avoiding the Transfers;

(b) for damages in an amount equal to the value of the Transfers, together with interest and costs of suit;

(c) ordering the Defendant to turnover to the Trustee within ten (10) days of judgment an amount equal to the value of the Transfers; and

(d) granting such other relief that this Court deems just, proper, and equitable.

## COUNT FIVE
## (11 U.S.C. § 550)

26. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

27. Upon information and belief, the Defendant was the initial transferee of the Transfers, the individual for whose benefit the Transfers were made, and/or the beneficial transferee thereof.

28. Pursuant to section 550 of the Bankruptcy Code, the Trustee is entitled to recover the Transfers from the Defendant, or the fair market value thereof, and the value of the Transfers, together with pre and post-judgment interest thereon at the maximum legal rate from the date that the Transfers were made.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant, as follows:

(a) avoiding the Transfers;

(b) for damages in an amount equal to the value of the Transfers, together with interest and costs of suit;

(c)     ordering the Defendant to turnover to the Trustee within ten (10) days of judgment an amount equal to the value of the Transfers; and

(d)     granting such other relief that this Court deems just, proper, and equitable.

## COUNT SIX
### (Unjust Enrichment)

29.     The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

30.     The Transfers are misappropriated assets of the Debtor and thus the within bankruptcy estate.

31.     The Defendant has been unjustly enriched by obtaining funds belonging to the Debtor and thus the within bankruptcy estate without exchange of adequate consideration.

32.     The Debtor transferred assets to the Defendant without any benefit received by the Debtor in exchange.

33.     It would be unjust and inequitable to allow the Defendant to retain the benefits of said payments and transfers without reimbursement to the Debtor.

34.     Said unjust enrichment has injured and prejudiced the Debtor's estate and the Debtor's creditors.

35.     It would be unjust and inequitable to allow the assets of the Defendant to remain beyond the reach of the estate's creditors.

**WHEREFORE**, the Trustee prays for judgment against the Defendant as follows:

(a)     for judgment against the Defendant in the amounts of the Transfers received by said the Defendant from the Debtor set forth on Exhibits annexed hereto;

(b)     for judgment in the amount of interest at the appropriate legal rate from the Petition Date through the date of recovery of the Transfers;

(c)     costs and counsel fees; and

(d)     for granting such other relief that this Court deems just, proper, and equitable.

**NORGAARD, O'BOYLE & HANNON**
*Counsel for John M. McDonnell, Chapter 7 Trustee*

By:*/s/ Brian G. Hannon*
BRIAN G. HANNON, ESQ.

Dated: 3/7/2024