PORTNOY SCHNECK, L.L.C.
3705 Quakerbridge Road, Suite 116
Hamilton, New Jersey 08619
(609)514-8668
Attorneys for Defendant,
For a Financial, LLC
By:     Joel S. Schneck,
         jss@thepslawfirm.com

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY TRENTON VICINAGE |
| BLUE PIG MEDIA, LLC, | Chapter 7 |
| | Case No. 23-13648-CMG |
| JOHN M. MCDONNELL, Chapter 7 Trustee, | Adversary No. 24-01116-CMG |
| Plaintiff, | |
| v. | |
| FORA FINANCIAL, LLC, | |
| Defendant. | |

**ANSWER TO AMENDED ADVERSARY COMPLAINT**
**FOR RECOVERY OF PROPERTY OF THE ESTATE**

For a Financial, LLC ("Fora"), by and through its undersigned counsel, hereby answers

and responds to the "Amended Adversary Complaint for Recovery of Property of the Estate"

filed by John M. McDonnell, the chapter 7 trustee ("Trustee"), as follows:

**JURISDICTION AND VENUE**

  1.  Fora admits the allegations in Paragraph 1.

  2.  Fora admits the allegations in Paragraph 2.

1

3.   Fora admits the allegations in Paragraph 3.

4.   Fora admits the allegations in Paragraph 4.

## PARTIES

5.   Fora admits the allegations in Paragraph 5.

6.   Fora is without sufficient information and belief as to whether/when it "received certain transfers from the Debtor" and therefor denies same.

7.   Fora is without sufficient information and belief as to the truth of the matters asserted in paragraph 7, and therefore denies same.

8.   Fora admits the allegations in paragraph 8.

9.   Fora admits the allegations in paragraph 9.

10.  Fora admits that it received the Two Year Transfer identified on Exhibit "A" and is otherwise without sufficient information and belief as to the remaining allegations in paragraph 10, and therefore denies same.

11.  Fora admits that it received the Four Year Transfer identified on Exhibit "A" and is otherwise without sufficient information and belief as to the remaining allegations in paragraph 11, and therefore denies same.

12.  Fora admits that it received the payments identified on Exhibit "A" and is otherwise without sufficient information and belief as to the remaining allegations in paragraph 12, and therefore denies same.

13.  Fora denies the allegations contained paragraph 13.

14.  Fora denies knowledge or belief as to the allegations contained paragraph 14 and therefore denies same.

## COUNT ONE
## (11 U.S.C. § 502)

15. Fora repeats and realleges each and every paragraph above as if fully set forth herein.

16. Fora denies the allegations in Paragraph 16.

17. Fora denies the allegations in Paragraph 17.

## COUNT TWO
## (11 U.S.C. § 541)

18. Fora repeats and realleges each and every paragraph above as if fully set forth herein.

19. Fora denies the allegations in Paragraph 19.

## COUNT THREE
## (11 U.S.C. § 542)

20. Fora repeats and realleges each and every paragraph above as if fully set forth herein.

21. Fora denies the allegations in Paragraph 21.

22. Fora denies the allegations in Paragraph 22.

## COUNT FOUR
## (11 U.S.C. § 547)

23. Fora repeats and realleges each and every paragraph above as if fully set forth herein.

24. Fora admits the allegations in Paragraph 24.

25. Fora denies the allegations contained in paragraph 25.

26. Fora denies information and belief as to the truth of the matters alleged in paragraph 26 and therefore denies same.

27. Fora denies the allegations contained in paragraph 27.

28. Fora denies the allegations contained in paragraph 28.

29. Fora denies the allegations contained paragraph 29.

## COUNT FIVE
## (11 U.S.C. § 550)

30. Fora repeats and realleges each and every paragraph above as if fully set forth herein.

31. Fora denies information and belief as to the truth of the matters alleged in paragraph 31 and therefore denies same.

32. Fora denies the allegations contained in paragraph 32.

## COUNT SIX
## (Unjust Enrichment)

33. Fora repeats and realleges each and every paragraph above as if fully set forth herein.

34. Fora denies information and belief as to the truth of the matters alleged in paragraph 34 and therefore denies same.

35. Fora denies the allegations contained in paragraph 35.

36. Fora denies the allegations contained in paragraph 36.

37. Fora denies the allegations contained in paragraph 37.

38. Fora denies the allegations contained in paragraph 38.

39. Fora denies the allegations contained in paragraph 39.

## COUNT SEVEN
## (11 U.S.C. § 544)

40. Fora repeats and realleges each and every paragraph above as if fully set forth herein.

41. Fora denies the allegations contained in paragraph 41.

42. Fora denies information and belief as to the truth of the matters alleged in paragraph 42 and therefore denies same.

43. Fora denies the allegations contained in paragraph 43.

44. Paragraph 44 appears to state a legal conclusion that does not require a response.

45. Paragraph 45 appears to state a legal conclusion that does not require a response.

## COUNT EIGHT
## (11 U.S.C. § 548 )

46. Fora repeats and realleges each and every paragraph above as if fully set forth herein.

47. Fora denies the allegations contained in paragraph 47.

48. Fora denies the allegations contained in paragraph 48.

49. Fora denies the allegations contained in paragraph 49.

50. Fora denies the allegations contained in paragraph 50.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Fora asserts the following defenses:

### First Affirmative Defense

The Complaint fails to state a claim against Fora upon which relief can be granted.

### Second Affirmative Defense

Any damages Plaintiff may have incurred are the result of acts or omissions of individuals or entities over which Fora did not retain, reserve or exercise control and for which Fora is not legally responsible.

### Third Affirmative Defense

Any transfers taken by Fora in this matter were taken in good faith and for a reasonably equivalent value.

### Fourth Affirmative Defense

Trustee's action is barred, in whole or in part, because the Debtor received a direct or indirect benefit from the alleged transfers.

### Fifth Affirmative Defense

The Debtor was solvent at the time of the alleged transfers.

### Sixth Affirmative Defense

The Debtor received reasonably equivalent value for the transfers.

### Seventh Affirmative Defense

All payments made to Fora were made in the ordinary course of business.

Fora reserves the right to assert such additional or different affirmative defenses as may be discovered during the course of discovery or additional investigation.

WHEREFORE, Fora respectfully requests that the Amended Complaint be dismissed, and Fora be awarded the costs and attorneys' fees incurred in defending the matter, and that Fora have such other and further relief as may be necessary and just.

Dated: September 30, 2024

PORTNOY SCHNECK, L.L.C.

By: /s/ Joel S. Schneck
Joel S. Schneck
3705 Quakerbridge Road, Suite 116
Hamilton, New Jersey 08619
(609)514-8668
Attorneys for Defendant,
Fora Financial, LLC
jss@thepslawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 30th day of September, 2024 a true and correct copy of the foregoing was file under the Court's ECF system, and thereby served copies of same on counsel for all parties of record registered with the ECF system.

                                        /s/ Joel S. Schneck
                                        Joel S. Schneck